IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY VON LEE, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:18-cv-03005-B (BT) |
| § | |
| § | |
| CITY OF MESQUITE, § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

I.

Plaintiff filed a handwritten complaint on a pre-printed form on November 9, 2018. The complaint states that the City of Mesquite is "harassing" Plaintiff because it "gave [him] 30 tickets in the last two months for traffic and ordinances," and police "come to [Plaintiff's] property late at night." Compl. 1 (ECF No. 1). Plaintiff states "Mesquite wants [Plaintiff] out of the property for collusion or eminent domain reason." *Id.* On November 14, 2018, the Court sent Plaintiff a notice of

deficiency because the complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Specifically, Rule 8(a) provides:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
>
> (1) a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The Court's notice informed Plaintiff that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed.  More than 30 days have passed, and Plaintiff has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the

court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, the Court issued a deficiency notice to Plaintiff advising him that his complaint fails to comply with Fed. R. Civ. P. 8(a). However, Plaintiff has failed to respond to the Court's order. Plaintiff failed to file an amended complaint setting forth additional facts that establish grounds for the court's jurisdiction or set forth a demand for the relief sought. This litigation cannot proceed until Plaintiff complies with the Court's order and cures the deficiency. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

III.

The Court recommends that the complaint be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

Signed December 28, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).